KEEL *v.* WILSON FRUIT JUICE. CO.

1. EVIDENCE — OFFICER OF CORPORATION — CROSS-EXAMINATION — BOOKS OF ACCOUNT.

In assumpsit for a balance of salary due, it was proper cross-examination to inquire of the president of defendant corporation concerning the correctness of defendant's books, from which the witness had taken a statement used by him on the stand: plaintiff was entitled to a full cross-examination as to material matters. No error was committed in refusing to strike from the evidence the statement so used by the witness and his testimony relative to the balance shown by the books of defendant.

2. SAME—BOOKS—PREJUDICIAL ERROR.

No prejudicial error was committed by introducing in evidence plaintiff's book showing amounts received by him, admitted by defendant's books to be correct, with the exception that a larger amount was credited by plaintiff to defendant than its own books disclosed; any possible error in the reception of this evidence favored rather than prejudiced defendant.

3. SAME—NEW TRIAL.

*Held,* that the evidence was sufficient to sustain the verdict in plaintiff's favor.

Error to Van Buren; Des Voignes, J. Submitted June 11, 1913. (Docket No. 66.) Decided July 9, 1913.

Assumpsit by Bert Keel against the Wilson Fruit Juice Company for services performed. Judgment for plaintiff. Defendant brings error. Affirmed.

*Boudeman, Adams & Weston,* for appellant.

*Glenn E. Warner,* for appellee.

McALVAY, J. Plaintiff brought suit against de-

fendant to recover a balance claimed by him to be due for wages earned while in the employment of defendant at its plant at Lawton, Van Buren county, under a contract and agreement between the parties at a certain stated salary. He was employed as an experienced jelly and vinegar maker, and began work February 1, 1910. He recovered judgment on the verdict of the jury for $260.41, the amount claimed by him. Defendant upon a writ of error brings the case here for review.

The facts of the case are as follows: Plaintiff first entered this employment and worked under the superintendence of defendant's manager from February 1, 1910, until January 31, 1911, upon a proposition submitted to him in writing by defendant's president and accepted by plaintiff, at $125 per month, and continued under this contract until June 1, 1911, when another agreement was made between the parties, whereby plaintiff continued to work until February 20, 1912, at $15 per week. The foregoing facts are not in dispute.

Defendant, under its notice with the plea of the general issue, and upon the trial, claimed recoupment. On account of the careless, unskillful, and improper manner in which plaintiff performed his work in the manufacture of vinegar, it sustained damage on 67 barrels of vinegar at 18 cents a gallon and 12 cases of vinegar at 50 cents a gallon, making altogether $1,510.46. Upon this claim of recoupment the dispute in this case arose. Defendant upon the trial offered evidence claimed in support of its contention. The contention of plaintiff was that this vinegar for which defendant seeks damages was manufactured at this plant under and by the express orders, both written and oral, of the defendant through its president, out of a large quantity of old, stale, spoiled grape juice and other materials, which for a long time before

plaintiff entered the employ of defendant had accumulated at said plant, and which was stored in numerous barrels and casks in its cellars; that it was impossible to manufacture standard vinegar out of such materials, and that during the whole time such manufacture was under the control of the manager at Lawton and the president and other officers of defendant in Chicago, and that the vinegar made from this material was sent to Chicago for chemical tests by defendant's chemists and was so tested; that during the whole time plaintiff worked for defendant no complaint or charge was made to him or to his knowledge that his work was not properly and satisfactorily performed.

The errors assigned and relied upon by appellant are in relation to the admission of evidence and the refusal of the court to grant a new trial.

While the president of the defendant company was being examined on the part of plaintiff, under the statute, he produced and used a statement taken for him from defendant company's books in Chicago. This was objected to by defendant, and a motion was made to strike out his entire testimony in regard to such balance, for the reason that it did not correspond with plaintiff's bill of particulars. The court denied this motion, and error is assigned upon such denial. There is no difference between the accounts of these parties as to the balance which remained unpaid to plaintiff for his services, except that defendant's statement was $20 greater than plaintiff claimed, which was accounted for by the fact that plaintiff had received several items which did not appear upon the books at the Chicago office. The plaintiff was entitled to cross-examine this witness at length as to all matters material to the issue. The witness testified that he had no reason to doubt the correctness of the books, and this statement, which was introduced in evidence

by plaintiff, was material as showing an admission on the part of defendant. The court properly denied the motion.

The next error assigned relates to the testimony of plaintiff, who was examined relative to a book in which he had made entries, and who stated it was in his handwriting and a correct statement of the moneys received from defendant. Page 48 of this book was offered in evidence, showing this account. It was objected to as not properly identified as a book of account. Error is assigned upon its reception in evidence. It was of no prejudice to defendant, for the reason that all of these payments had been admitted, as appears from the statement of this account taken from defendant's books already in evidence. It was corroboratory of what defendant admitted.

The fourth, fifth, and sixth assignments of error relate to the testimony of plaintiff in regard to his account as kept in his book. This examination was objected to on the same ground; that the book was not competent evidence. In this testimony and in this memorandum of account no claim was made by plaintiff for any credit which had not already appeared by the testimony furnished by defendant, and plaintiff's account credited the defendant with $20 not charged against him. As already stated, this was not prejudicial to defendant, but on the contrary was in its favor.

Defendant's motion for a new trial was based on the ground that the verdict was against the weight of the evidence. The record is a brief one, and our examination of it satisfies us that there is abundant evidence to support the verdict, and that the court was not in error in denying the motion. The case was submitted to the jury under a charge of which no complaint whatever is made by defendant, and the verdict

of the jury, as already stated, was justified by the evidence.

We find no prejudicial error in the case.

The judgment of the circuit court is affirmed.

STEERE, C. J., and MOORE, BROOKE, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.